UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:14-cv-01223-CAS(PLAx) | Date | December 8, 2014 |
|---|---|---|---|
| Title | HUPP v. KUEHN ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Anne Kielwasser | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Paul Hupp, Pro Se (By Telephone) | | Alvin Sherron | |

**Proceedings:** MOTION TO DISMISS FIRST AMENDED COMPLAINT (dkt. 19, filed October 24, 2014).

## I.   INTRODUCTION & BACKGROUND

Plaintiff Paul Hupp filed this action against defendants Rhonda Kuehn, Helping Orphaned Hounds ("HOH"), and Roes 1-10 on June 16, 2014. Dkt. 1. On September 10, 2014, the Court denied defendants' motion to dismiss plaintiff's complaint, and granted plaintiff's motion for leave to file an amended complaint. Dkt. 17. Plaintiff subsequently filed a first amended complaint ("FAC") on October 10, 2014, adding defendant Bettis Lives and asserting claims for (1) breach of contract, (2) fraud, (3) intentional infliction of emotional distress, (4) "declaratory injunctive" relief, and (5) defamation. Dkt. 18. Plaintiff asserts claims one, two, and three against Keuhn and HOH; claim four against Keuhn, HOH, and Lives; and claim five against Keuhn and Lives. Id. Plaintiff seeks both general and punitive damages. Id.

This suit arises from a dispute regarding the adoption of a dog named Piglet. In brief, plaintiff alleges that he met and bonded with Piglet at an animal shelter in Wildomar, California in December 2013. Compl. ¶ 14. After communicating with indivudals on a Facebook networking page concerned with rescuing dogs, plaintiff spoke with representatives of HOH, which is based Arizona. Id. ¶¶ 15-16. Subsequently, plaintiff agreed to transport Piglet from the Wildomar shelter to HOH in Arizona, where HOH would provide Piglet with veterinary services and attempt to find a home for Piglet, in exchange for $100 in gas costs. Id. ¶¶ 16-18. However, before transporting Piglet to HOH, plaintiff told HOH that he hoped to adopt Piglet himself. Id. ¶¶ 19-20. Plaintiff alleges that HOH stated that Piglet still had to be transported to Arizona for pre-arranged veterinary services, but promised plaintiff that he would have a right of first refusal to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:14-cv-01223-CAS(PLAx) | Date | December 8, 2014 |
|---|---|---|---|
| Title | HUPP v. KUEHN ET AL. | | |

adopt Piglet once she was healthy.  Id. ¶ 20.  Plaintiff subsequently transported Piglet to Blythe, California, where he handed Piglet off to an HOH representative.  Id. ¶ 21.

According to plaintiff, HOH and Keuhn reneged on their promise to give plaintiff a right of first refusal, instead allowing another individual to adopt Piglet.  Id. ¶¶ 22-28.  Further, plaintiff alleges that HOH and Keuhn never intended to allow plaintiff to adopt Piglet, as evidenced by an announcement on HOH's Facebook page seeking to adopt Piglet locally in Arizona, but nonetheless induced plaintiff to perform "the required actions under the contract."  Id. ¶¶ 63-64.  When plaintiff learned that Piglet had been adopted by another individual, he sent Keuhn and HOH a letter demanding that they comply with the terms of the alleged contract.  Id. ¶¶ 29-30.  Neither HOH nor Keuhn responded to plaintiff's letter, and plaintiff subsequently filed this lawsuit.  Id. ¶¶ 30-31.

After being served with the complaint in July 2014, Keuhn allegedly published defamatory statements about plaintiff on her public Facebook page, including calling plaintiff a "whacko" and an "asshole," and stating that her attorney had called plaintiff a "kook."  Id. ¶ 32.  Multiple Facebook users allegedly responded to Keuhn's publication with more "derogatory and negative" comments about plaintiff, and another individual republished—or in Facebook parlance, "shared"—Keuhn's entire post.  Id. ¶¶ 33-34.

On August 13, 2014, plaintiff offered to settle the case for $5,000 plus court costs and fees, as well as the "surrender" of Piglet.  Id. ¶ 36.  HOH and Keuhn did not respond to this settlement offer.  Id. ¶ 37.  Later that month, Keuhn again posted allegedly defamatory statements about plaintiff on her Facebook page, including, *inter alia*, calling plaintiff her "bitch," and "a professional suer," and stating that "it would be a cold day in hell before [plainitff] EVER got a dog from HOH because he would fail our adoption requirements on many different levels!"  Id. ¶ 37.  As a result of Kuehn's Facebook postings, plaintiff alleges that one Bettis Lives—alleged solely to be a "Facebook account"—posted defamatory statements about plaintiff on its own public Facebook page, including allegedly accusing plaintiff of letting a dog die on his property due to carelessness.  Id. ¶¶ 40-42.

On October 24, 2014, defendants Keuhn and HOH filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  Dkt. 19.  Plaintiff opposed the motion on November 19, 2014, dkt. 22, and defendants replied on November 24,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:14-cv-01223-CAS(PLAx) | Date | December 8, 2014 |
|---|---|---|---|
| Title | HUPP v. KUEHN ET AL. | | |

2014, dkt. 23.[1] The Court held a hearing on December 8, 2014. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A motion to dismiss an action pursuant to Fed.R.Civ.P. 12(b) (1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F.Supp. 337, 338 (S.D.N.Y.1964), aff'd 339 F. 2d 823 (2d Cir.1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778–79 (9th Cir.2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

---

[1] In their reply, defendants contend that their motion should be granted pursuant to Local Rule 7-12, since plaintiff filed his opposition two days after the November 17, 2014 deadline. Reply at 2. The Court declines to dismiss this pro se plaintiff's FAC based on a non-prejudicial, procedural technicality.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:14-cv-01223-CAS(PLAx) | Date | December 8, 2014 |
| Title | HUPP v. KUEHN ET AL. | | |

## II. ANALYSIS

Although it is undisputed that the parties are completely diverse, defendants assert that diversity jurisdiction is lacking because the amount in controversy does not exceed $75,000. Specifically, defendants assert that plaintiff's breach of contract and fraud claims "boil down to" a claim for reimbursement for the cost of gas incurred driving the dog to Blythe, plus the cost to adopt the dog. With regard to the defamation claims, defendants appear to assert that these claims necessarily fail under California's Anti-SLAPP statute, and thus cannot count towards determining the amount in controversy.

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). Generally, the amount in controversy is determined from the face of the pleadings. See Pachinger v. MGM Grand Hotel–Las Vegas, Inc., 802 F.2d 362, 363 (9th Cir.1986). The sum claimed by the plaintiff controls so long as the claim is made in good faith. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). "To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" Budget Rent–A–Car, Inc. V. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997) (quoting St. Paul Mercury Indem. Co., 303 U.S. at 289).

Plaintiff's FAC alleges that the amount in controversy exceeds $75,000 and expressly seeks punitive damages. Because the only actual damages alleged in the complaint are $100 in gas costs incurred by plaintiff to drive Piglet to Blythe, it appears to the Court that the propriety of jurisdiction turns on whether plaintiff has adequately alleged punitive damages. Punitive damages are available pursuant to California Code of Civil Procedure section 3294, which provides:

> (a) In an action for the breach of an obligation <u>not arising from contract,</u> where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

Cal. Civ. Code § 3294(a) (emphasis added). In turn, Section 3284 defines "malice," "oppression," and "fraud" as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 5:14-cv-01223-CAS(PLAx) | Date | December 8, 2014 |
|---|---|---|---|
| Title | HUPP v. KUEHN ET AL. | | |

(1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

(2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

(3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Cal. Civ. Code § 3294 (c)(1)-(3).

    "While California law governs Plaintiff's substantive claim for punitive damages, the Federal Rules of Civil Procedure govern the punitive damages claim procedurally with respect to the adequacy of pleadings." Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 406 (C.D. Cal. 2005); See also Clark v. Allstate Ins. Co., 106 F.Supp.2d 1016, 1018 (S.D. Cal. 2000) ("Where state law directly conflicts with applicable provisions of the Federal Rules of Civil Procedure, federal courts must apply the Federal Rules—not state law."). Pursuant to the Federal Rules, a pleading need only "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief and . . . a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "Therefore, despite section 3294's specific requirement that a pleading allege oppression, fraud or malice, these "'may be averred generally.'" Jackson v. E. Bay Hosp., 980 F. Supp. 1341, 1354 (N.D. Cal. 1997) (quoting Fed. R. Civ. P. 9(b)).

    As a preliminary matter, the plain language of section 3294 only permits claims for punitive damages "not arising from contract." Thus, plaintiff's claim for breach of contract cannot give rise to punitive damages; nor can plaintiff's claim for fraud give rise to punitive damages, since this claim "arises from contract." See FAC ¶ 63 ("HOH and KUEHN'S inducement of Plaintiff resulted in him performing the required actions under the contract.").

    In light of this,, the Court turns to plaintiff's claims for intentional infliction of emotional distress and defamation. Plaintiff alleges that Kuehn "published falsehoods . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 5:14-cv-01223-CAS(PLAx) | Date | December 8, 2014 |
|---|---|---|---|
| Title | HUPP v. KUEHN ET AL. | | |

. to try to harm Plaintiff in the public's eye." FAC ¶ 51. Such an allegation, if true constitutes "conduct which is intended by the defendant to cause injury to the plaintiff." Cal. Civ. Code § 3294 (c)(1). Accordingly, the Court finds that plaintiff as adequately alleged punitive damages.

The Supreme Court has stated that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425, 123 S. Ct. 1513, 1524, 155 L. Ed. 2d 585 (2003). Assuming, generously, that plaintiff were to succeed on his defamation and intentional infliction of emotional distress claims, an award of actual damages could potentially be increased by a factor of nine. Thus, actual damages as small as $10,000 could conceivably become $90,000—an amount sufficient to meet the requirements of diversity jurisdiction.

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |